# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**JERMAINE GRANT and LINCOLN WARRINGTON,**<br><br>**DEFENDANTS.** | Crim. No. 2:18-cr-00179 (WJM)<br><br>**OPINION & ORDER** |

### WILLIAM J. MARTINI, U.S.D.J.:

**THIS MATTER** comes before the Court upon the Government's request for the Court to allow the parties to discuss limited portions of Grand Jury testimony during sentencing. For the reasons that follow, the Government's request is **DENIED**.

On March 20, 2019, Defendants Jermaine Grant and Lincoln Warrington plead guilty to Count One of a Six Count Indictment charging them with conspiring to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service to collect income taxes in violation of 18 U.S.C. § 371. ECF Nos. 73, 76, 78. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed to a sentencing range of 0 to 30 months' imprisonment. Sentencing is scheduled for January 28, 2020 at 10:00 a.m.

On January 22, 2020, the Government filed a letter request asking the Court to allow the parties to discuss limited portions of Grand Jury testimony during the sentencing hearing in this matter pursuant to Rule 6(e)(3)(E)(i). The Government contends that unspecified Grand Jury testimony is relevant to two issues pertaining to the calculation of the appropriate tax loss: (1) how the many diverted to Black Icon Entertainment should be treated for tax purposes; and (2) whether the $928,432 in rent paid by the Israelite Church of God for Grant's use of the Manhattan Apartment should be considered income to Grant.

After having months to prepare, the Government's request comes out of time, just days before sentencing. The Government has known the defendants' positions with respect to the two disputed tax loss issues for over a year. The Government has not provided any justification for its delay in its request for the Court to unseal Grand Jury testimony so that it can use selected portions for the first time at sentencing. For these reasons, the

Government's request to request for the Court to allow the parties to discuss limited portions of Grand Jury testimony during sentencing is **DENIED**.

**Dated: January 27, 2020**

                                       */s/ William J. Martini*
                                    **WILLIAM J. MARTINI, U.S.D.J.**